IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RODGER FINLEY, | : |
| Plaintiff, | : |
| VS. | : |
| GEORGIA DEP'T. OF CORRECTIONS, | : 1 : 13-CV-50 (WLS) |
| Defendant. | : |

# RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. ▪ 1983 is a Motion to Dismiss filed on behalf of the Defendant. (Doc. 9). The Court sent notice to the Plaintiff of the filing of the Defendant's Motion to Dismiss and directed him to respond thereto within thirty (30) days of the Court's order. (Doc. 10). The Plaintiff has failed to respond to the Defendant's motion, and his service copy of the Court's Notification Order was returned as undeliverable on July 3, 2013. (Doc. 11).

Plaintiff filed this action in March 2013, seeking the removal of his internal sex offender classification in the Georgia Department of Corrections classification system. (Doc. 1). Plaintiff asks "[t]hat if such false information exist [sic] in the record it is illegal and fradulent [sic] and removed from the record." *Id.* at ¶ 15. Confined at Calhoun State Prison when he filed this lawsuit, the Plaintiff has since been released from prison. (Doc. 1, Doc. 9-3).

Plaintiff was convicted in 2005 on charges of aggravated assault with intent to rape, and false imprisonment. (Doc. 9-6). Plaintiff's conviction was vacated in April 2009 and he was resentenced on charges of aggravated assault and false imprisonment. (Doc. 9-8). By order dated September 21, 2009, the sentencing court exempted the Plaintiff from registering as a sex offender. (Doc. 9-7). Plaintiff maintains that he was improperly identified on the Georgia

Department of Corrections computer system as a sex offender.   Georgia Department of Corrections records indicate that the Plaintiff was classified within the Corrections system as a Non-registerable Sex Offender based on his original Fulton County charge of rape, ultimately reduced to aggravated assault.   (Doc. 9-5).

Defendant has filed a Motion to Dismiss, asserting that the Plaintiff is not entitled to the injunctive relief he requests and that his allegations fail to state a claim upon which relief can be granted.   (Doc. 9).[1]   A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).   The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v.*

---

[1] Although Defendant has attached several documents to its Motion to Dismiss, the inclusion of these documents does not mandate that the motion be converted pursuant to Rule 12(d) to a motion seeking summary judgment.   The Court may take judicial notice of other court filings and institutional data such as Department of Corrections documents regarding an inmate's release date.   Fed. R. Evid. 201(b)(2) (court may take judicial notice of fact not subject to reasonable dispute which can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned); *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (district court may take judicial notice of public records, such as filings in other judicial proceedings, without converting a motion to dismiss into a motion for summary judgment); *Peacock v. Tucker*, 2013 WL 2249286 (M.D.Fla. 2013) (court's judicial notice and consideration of Department of Corrections data regarding imprisonment dates).   Additionally, the Court may consider documents which are central to the plaintiff's claims and undisputed, without converting a motion to dismiss into a motion for summary judgment.   *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

*Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).  Although the Court must accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

The Defendant initially contends that the Plaintiff is not entitled to the injunctive relief he requests, as the Department of Corrections is not considered a proper defendant in cases brought pursuant to § 1983, and the Plaintiff has been released from confinement, rendering his claims for injunctive relief moot.  (Doc. 9).

Although a state is not considered a "person" subject to suit for money damages under § 1983, such that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983", and a suit against a state department "is no different from a suit against the state itself", the Plaintiff seeks only injunctive relief herein.  *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).  Thus, the viability of any claim for money damages is not before the Court.

Plaintiff's claim for injunctive relief, however, has been rendered moot by his release from the custody of the Georgia Department of Corrections.  "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all states of review, not merely at the time the complaint is filed.' " *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975)).  "The doctrine of mootness provides that the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Tanner Adver. Grp. LLC v. Fayette Cnty., Ga.,* 451 F.3d 777, 785 (11th Cir.2006).  "Mootness is jurisdictional," and requires dismissal if the court finds its jurisdiction lacking under this doctrine.  *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir.2001).

In the event of a prisoner's "subsequent release, . . . his claims for declaratory and injunctive relief are [rendered] moot." *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir.1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir.1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir.1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir.1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers). Inasmuch as the Plaintiff has been released from the custody of the Georgia Department of Corrections, his claims seeking injunctive relief are moot and cannot provide the basis for relief herein.

As the Defendant further maintains, the Plaintiff has not presented allegations of a continuing and ongoing constitutional violation, but appears to seek what is now retroactive injunctive relief in the form of removal of the sex offender status from his Department of Corrections classification. *Cf*. *Summit Medical Assoc., P.C. v. Pryor*, 180 F.3d 1326 (11th Cir. 1999) (recognizing *Ex Parte Young*, 209 U.S. 123 (1908) exception allowing suits against state officers seeking prospective relief to end ongoing and continuous violations of federal law). "[A] plaintiff may not use the [Young] doctrine to adjudicate the legality of past conduct." *Id.* at 1337.

Accordingly, it is the recommendation of the undersigned that the Defendant's Motion to Dismiss be **GRANTED**.

*Objections*

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 12th day of December, 2013.

s/ *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

asb