**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| RODGER FINLEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:13-CV-50 (WLS) |
| : | |
| GEORGIA DEPARTMENT OF : | |
| CORRECTIONS, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Presently pending before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed December 12, 2013 (Doc. 12).  Therein, Judge Langstaff recommends granting Defendant's Motion to Dismiss (Doc. 9) and dismissing the instant suit because Plaintiff's claims are now moot.  Plaintiff did not file an objection to the Recommendation.  (*See generally* Docket.)

On March 27, 2013, Plaintiff filed the instant suit seeking to enjoin Defendant from continuing to classify him as a sex offender in the Department of Corrections' electronic records.  (Doc. 1 at 5.)  In its Motion to Dismiss, Defendant argued that, *inter alia*, upon Plaintiff's release from prison, Plaintiff's suit became moot because his designation as a sex offender in the Department of Corrections' internal records no longer affects him.  (Doc. 9-1 at 6-7.)

On December 12, 2013, Judge Langstaff issued a Recommendation and therein recommended dismissal of Plaintiff's suit for injunctive relief because Plaintiff had been released from prison and therefore was no longer affected by the designation.  (Doc. 12 at 4.)  The Court agrees with Defendant and Judge Langstaff.  "Past exposure to illegal

conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (citing *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984)); *see also Clas v. Torres*, No. 13-11770, 2013 WL 6570584, *2 (11th Cir. Dec. 16, 2013) (noting that cases involving injunctive or declaratory relief are generally mooted by prisoner's release from custody). To the extent that the sex offender designation harmed Plaintiff while he was in the custody of the Georgia Department of Corrections, Plaintiff had not alleged any facts to suggest continuing harm by such a corrections designation after his release. (*See* Doc. 1.)

Accordingly, United States Magistrate Judge Thomas Q. Langstaff's December 12, 2013 Recommendation (Doc. 12) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Thus, Defendants' Motion to Dismiss (Doc. 9) is **GRANTED**.

"[W]here a more carefully drafted *pro se* complaint might state a claim the 'plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.' " *See Bettencourt v. Owens*, No. 11-15036, 2013 WL 5450978, *4 (11th Cir. Oct. 2, 2013) (citing *Bank v. Pitt*, 928 F.3d 1108, 1112 (11th Cir. 1991)). The Eleventh Circuit "place[s] a heavy thumb on the scale in favor of" giving *pro se* litigants the opportunity to amend. *Id.* The decision should be made in light of "the purpose of pleading[, which] is to facilitate a proper decision on the merits." *Id.* (citing *Bank*, 928 F.2d at 1112). Based on the foregoing, the claim against Defendant

is **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**

      **SO ORDERED**, this  15th  day of January 2014.

                                    /s/ W. Louis Sands  
                                    **W. LOUIS SANDS, JUDGE**  
                                    **UNITED STATES DISTRICT COURT**